UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.                                              No. 02-4128

DENNIS THOMAS,
                *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Robert C. Chambers, District Judge.
(CR-01-26)

Submitted: February 20, 2003

Decided: February 28, 2003

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Edward M. Hall, LAW OFFICE OF EDWARD HALL, Morgantown, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Dennis Thomas was convicted by a jury of possession with intent to distribute heroin, 21 U.S.C. § 841 (2000), and sentenced to forty-one months imprisonment, followed by three years of supervised release. Thomas' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), addressing whether: (1) the district court abused its discretion by forbidding Thomas from presenting evidence of "good motive;" (2) the district court committed reversible error when it refused to continue the trial in order to allow Thomas to investigate further an entrapment defense; and (3) Thomas was denied effective assistance of counsel. Counsel concedes, however, that there are no meritorious issues for appeal. Although informed of his right to file a supplemental pro se brief, Thomas has not done so.

In April 1998, an inmate at FCI-Beckley informed the FBI that Thomas, then a chaplain at FCI-Beckley, had smuggled marijuana and other items into the prison where Thomas had previously been assigned. After an investigation, a controlled purchase was arranged between Thomas and an undercover police officer. Thomas was arrested after receiving a package of heroin and $6000 in cash, as arranged during recorded telephone conversations.

Thomas first contends that the district court erred in excluding the admission of any evidence that he had a "good motive" for his conduct; i.e., that he was acting on the belief that he was helping investigate criminal activity in the prison. This court has explicitly rejected any "good motive" defense to a violation of 21 U.S.C. § 841(a). *United States v. Fuller*, 162 F.3d 256, 261 (4th Cir. 1998); *see United States v. Matthews*, 209 F.3d 338 (4th Cir. 2000).

Thomas next contends that the district court erred in denying his motion for a continuance to allow him to further investigate an entrapment defense. In denying Thomas' motion, the district court found that Thomas had had ample time—more than eight months—to investigate all possible defenses and that his attorney had already considered an entrapment defense and concluded that it was inapplicable. Based on these findings, we cannot say that the district court abused

its discretion in denying a continuance. *United States v. Moore*, 27 F.3d 969, 973 (4th Cir. 1994) (providing standard).

Finally, Thomas claims that he was denied effective assistance of counsel. Claims of ineffective assistance are generally not cognizable on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, such a claim is more properly addressed in a collateral proceeding in which counsel has the opportunity to respond to the allegations against him. *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). An ineffective assistance of counsel claim may be brought, however, when the record conclusively establishes counsel's representation was constitutionally ineffective. *King*, 119 F.3d at 295. We find that the record does not conclusively establish that Thomas' counsel rendered constitutionally ineffective assistance.

In accordance with the requirements of *Anders*, we have examined the entire record in this case and find no meritorious issues for appeal. Accordingly, we affirm Thomas' sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*